Rct ALBOO 2979
Summons issued. BD
11-3-06

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

NOV 03 2006

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TYLER SCHESSL, an infant by his father and natural guardian, KURT SCHESSL and KURT SCHESSL, individually,

Plaintiff(s),

-against-

FRANKLIN SPORTING INDUSTRIES, INC.

Defendant.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Docket No.: 06-CV-1340

FJS / GJD

**Plaintiffs**, by their attorneys, **PARKER & WAICHMAN, LLP** complaining of the defendant, respectfully alleges, upon information and belief, as follows:

**AS AND FOR A FIRST CAUSE OF ACTION**

1. At all times hereinafter mentioned, plaintiffs, Tyler Schessl and Kurt Schessl, were and are residents of the County of Monroe and State of New York.

2. At all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., was and still is a foreign corporation having its principal place of business at 200 West Street, City of Dedham, Massachusetts.

3. At all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., was and still is a foreign corporation duly authorized to do business within the State of New York.

4. At all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., transacted business in the State of New York.

5. At all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., conducts and/or conducted business in the State of New York.

6. That action is based on diversity pursuant to Section 28, U.S.C. 1332.

7. That the amount in controversy exceeds in the sum of $150,000.00 exclusive of costs and interest.

8. That this action falls within one or more of the exceptions as set forth in CPLR Sec. 1602 of the State of New York.

9. That at all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., manufactured badminton racquets.

10. That at all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., manufactured badminton racquets for sale, lease and/or distribution in the State of New York.

11. That at all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., sold, leased and/or otherwise distributed badminton racquets in the State of New York.

12. That at all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., manufactured badminton racquets, in general.

13. That at all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., designed badminton racquets in general.

14. That at all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., manufactured component parts and/or other appurtenances for use with badminton racquets in general.

15. That at all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., designed component parts and/or other appurtenances for use with badminton racquets in general.

16. That at all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., assembled component parts and/or other appurtenances for use with badminton racquets in general.

17. That at all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., distributed component parts and/or other appurtenances for use with badminton racquets in general.

18. That at all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., sold component parts and/or other appurtenances for use with badminton racquets in general.

19. That at all times hereinafter mentioned, defendant, Franklin Sporting Industries, Inc., sold or leased within the State of New York, badminton racquets, in general, including component parts and/or appurtenances for use with such badminton racquets.

20. That prior to June 2, 2006, the defendant, Franklin Sporting Industries, Inc., sold or otherwise provided for distribution, badminton racquets to members of the general public.

21. That prior to June 2, 2006, the defendant, Franklin Sporting Industries, Inc., sold or otherwise provided for distribution, badminton racquets to members of the general public within the State of New York.

22. That on June 2, 2006, infant plaintiff TYLER SCHESSL was on the premises located at 156 Eaglesfield Way, Perinton, New York 14450.

23. That on June 2, 2006, infant plaintiff TYLER SCHESSL was on the premises located at 156 Eaglesfield Way, Perinton, New York 14450, owned by Judi A. Coms.

24. That on June 2, 2006, while infant plaintiff was lawfully on the premises located at 156 Eaglesfield Way, Perinton, New York 14450, he was caused to sustain severe and permanent personal injuries, due to the negligence of the defendant, its agents, servants and/or employees, in causing, permitting and allowing the badminton racquet to be improperly and insufficiently manufactured, designed, assembled or distributed without proper and sufficient warnings as to the operation of the badminton racquet and in otherwise allowing the said badminton racquet to be and remain in a dangerous, defective and unsafe condition.

25. That the accident was caused solely as a result of the negligence of defendant, and/or their agents, servants and/or employees and each of them, without any negligence on the part of the infant plaintiff contributing thereto.

26. That by reason of the foregoing, infant plaintiff, TYLER SCHESSL, has been severely injured and has been rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries will be permanent, and the infant plaintiff will be permanently caused to suffer, pain, inconvenience and other effects of such injuries; said infant plaintiff incurred hospital, medical and other expenses as a result of the injuries sustained and in the future will necessarily incur further medical expenses, all in an endeavor to be cured of said

injuries; infant plaintiff in the future will sustain a loss or a limitation of the quality and/or enjoyment of life and was otherwise damaged.

27. That by reason of the foregoing, infant plaintiff, TYLER SCHESSL was damaged in the amount of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS AND 00/100.

## AS AND FOR A SECOND CAUSE OF ACTION

28. Plaintiffs, repeat, reiterate and reallege each and ever allegation contained The First Cause of Action, with the same force and effect as if the same were more fully set forth at length herein.

29. That the defendant, their agents, servants and/or employees, represented and warranted that the aforesaid badminton racquet and/or its component parts and/or appurtenances thereto were safe and fit for the use and were of merchantable quality.

30. That the aforesaid representations and warranties were untrue in that said badminton racquet and/or its component parts and/or appurtenances thereto were not fit nor safe for use and were not of merchantable quality.

31. That by reason of the aforesaid breech of representations and warranties, infant plaintiff, TYLER SCHESSL, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

32. Plaintiffs, repeat, reiterate and reallege each and ever allegation contained in the First Cause of Action, and in the Second Cause of Action, of this Complaint, with the same force and effect as if the same were more fully set forth at length herein.



PARKER & WAICHMAN, 111 GREAT NECK ROAD, 5TH FLOOR, GREAT NECK, N.Y. 11021-5402

33. That by reason of the foregoing, defendant, their agents, servants and/or employees have violated statutes, codes, laws, ordinances, rules and regulations and are liable to plaintiffs herein by reasons of such violations.

34. That by reason of the foregoing, infant plaintiff, TYLER SCHESSL, has been damaged in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS AND 00/100.

**AS AND FOR A FOURTH CAUSE OF ACTION**

35. Plaintiffs, repeat, reiterate and reallege each and ever allegation contained in the First Cause of Action; in the Second Cause of Action and in the Third Cause of Action of this Complaint, with the same force and effect as if the same were more fully set forth at length herein.

36. That by reason of the foregoing, defendant, their agents, servants and/or employees are liable to plaintiff herein under the Doctrine of Strict Liability.

37. That by reason of the foregoing, infant plaintiff, TYLER SCHESSL, has been damaged in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS AND 00/100.

**AS AND FOR A FIFTH CAUSE OF ACTION**

46. That at all times hereinafter mentioned, plaintiffs repeat, reiterate and reallege each and every allegation contained herein, as though same more fully set forth herein at length.

47. Plaintiff, **KURT SCHESSL**, is the father of infant plaintiff, **TYLER SCHESSL**, and as such is entitled to his society and companionship of the plaintiff, **TYLER SCHESSL**.

48. That by reason of the foregoing plaintiff, **KURT SCHESSL**, was deprived of the society and companionship of infant plaintiff, **TYLER SCHESSL**, in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS AND 00/100.

WHEREFORE, plaintiffs demand judgment against the defendants on the First Cause of Action in the amount of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS AND 00/100, and plaintiffs demand judgment against the defendants on the Second, Third, Fourth and Fifth Causes of Action in the amount of TWENTY MILLION ($20,000,000.00) MILLION DOLLARS AND 00/100, including punitive damages, costs and disbursements of this action plus interest from the date of the accident, altogether with the costs and disbursements of this action.

Dated: Great Neck, New York
October 25, 2006

Yours, etc.

ANDRES F. ALONSO (AFA 8307)
**Parker & Waichman**
*Attorneys for Plaintiff(s)*
*Office & Post Office Address:*
111 Great Neck Road
Great Neck, New York 11021-5402
(516)466-6500
Our File # 613152

STATE OF NEW YORK )
: ss.:
COUNTY OF NASSAU )

Andres F. Alonso, being duly sworn, deposes and says:

That deponent is the attorney for the plaintiff(s) in the action within; that deponent has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reason that this verification is not made by plaintiff(s) and is made by deponent is that plaintiff(s) is/are not presently in the county where the attorneys for the plaintiff(s) have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said plaintiff(s).

Andres F. Alonso (AFA 8307)