```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
TYLER SCHESSL, an infant by his
mother and natural guardian,
DAWN SCHESSL, and DAWN SCHESSL,
individually,

                Plaintiffs,                    DECISION
                                               and ORDER
        v.
                                               07-CV-6234T
FRANKLIN SPORTING INDUSTRIES,

                Defendants.
_____

FRANKLIN SPORTS,

                Plaintiffs,

        v.

JUDI COMS, FRANK COMS, PATTY CAMERON,
EVAN CAMERON, an infant, by his mother
and natural guardian PATTY CAMERON,
JEFF BANKY, JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3, JOHN DOE 4, JOHN DOE 5,
JOHN DOE 6, JOHN DOE 7, JOHN DOE 8,
JOHN DOE 9, JOHN DOE 10,

                Defendants.
_____
```

## INTRODUCTION

Plaintiff Dawn Schessl, on behalf of her son Tyler Schessl ("Schessl"), brings this personal injury action against defendant Franklin Sports, Incorporated ("Franklin") claiming that her son was injured by a defective badminton racquet manufactured by Franklin. Specifically, she claims that while her son and other children were playing with the racquet during a party, the head of the racquet dislodged from the shaft, and struck Schessl in the

forehead causing him severe and permanent injury. Plaintiff brings, inter alia, causes of action sounding in negligence, breach of warranty, and strict liability.

Defendant Franklin brings a third-party action against several individuals who were present at the party at the time Schessl was injured, claiming that those individuals are liable, in whole or in part, for Schessl's injuries, and therefore, the defendant is entitled to contribution and/or indemnification from those individuals.

Third-party defendant Jeff Banky ("Banky") now moves for summary judgment against third-party plaintiff Franklin on grounds that as a matter of law, he may not be held liable for Schessl's injuries. Specifically, Banky contends that the undisputed facts establish that he did not have any involvement with the children playing with the racquet, and owed no duty of care to Schessl or any of the other children at the party. He claims that because he did not supervise or observe the game, and because he was not involved in the game and owed no duty to any of the children playing the game, he cannot, as a matter of law, be liable for Schessl's injuries. Banky also moves for sanctions against Franklin because of Franklin's failure to consent to Banky's dismissal from the action.

Franklin opposes Banky's motion on grounds that there are several questions of fact as to whether or not voluntarily assumed

2

a duty to Schessl, and if so, whether he failed to properly discharge that duty, and whether Schessl suffered an injury as a result of Banky's actions. Specifically, Franklin contends that Banky assumed a duty to Schessl when, prior to the accident he allegedly handed the broken head of the racquet to one of the children, and advised them to "try to be more careful."

For the reasons set forth below, I deny Banky's motion for summary judgment, and for sanctions.

## BACKGROUND

According to the facts set forth in the plaintiffs' Complaint and the parties' moving papers, plaintiff Tyler Schessl, a minor child, along with his sister and parents, were guests at a party held at the home of third-party defendants Frank and Judi Coms in Perinton, New York. According to third-party defendant Banky, there were approximately 40 to 50 people in attendance at the party, including 17 to 24 children or teenagers.[1] During the course of the party, Schessl and another child played badminton using badminton racquets manufactured by defendant Franklin. Following the badminton game,

---

[1] Although Banky claims in his Statement of Facts that 40 to 50 people were in attendance at the party, (Statement of Facts at ¶ 3, he claims in his memorandum of law that there were 75 guests at the party. Defendant's Memorandum of law at p. 12.

several of the children began playing baseball in the front yard of the home with one of the badminton racquets, (being used as a bat) and a tennis ball. The game was not organized, supervised, or officiated by any of the adults at the party.

During the baseball game, one of the children swung the racquet, causing the racquet head to fly off the handle and land on the roof of the home. The racquet head then slid to the ground and landed near the front porch of the home. According to one of the children playing the game, an adult male retrieved the racquet head and handed it back to one of the children, and told the child to "try to be more careful." Banky denies that he retrieved the racquet head, handed it to anyone, or told anyone to be more careful using it. Plaintiffs allege that Banky was the only adult male in the area at the time.

After one of the children attempted to reattach the racquet head to the racquet, the game resumed. However, upon swinging the racquet again, the head again became dislodged, and this time, the racquet head struck Schessl in the head, causing him injury.

DISCUSSION

I. The Third-Party Defendant's Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show

4

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Scott v. Harris, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986).

> II. Questions of fact preclude granting Banky's Motion for Summary Judgment.

Banky contends that as a matter of law, he owed no duty to Schessl, and therefore, cannot be held responsible for any injuries suffered by Schessl. I find however, that there is a question of fact as to whether or not Banky handed the broken racquet head back to one of the children playing baseball with the racquet. Further, if Banky assumed a duty to Schessl, there are questions of fact as to whether or not Schessl relied on Banky's actions, and whether Schessl was placed in a more vulnerable position than he would have been in had Banky not acted.

It is well settled that when one party voluntarily assumes a duty to another party, the party assuming the duty may be held to a standard of acting with due care in discharging the duty. Hilts

v. Board of Educ. of Gloversville Enlarged School Dist., 857 N.Y.S.2d 292, 294 (N.Y.A.D. 3 Dept., 2008)("once a person voluntarily undertakes acts for which he or she has no legal obligation, that person must act with reasonable care or be subject to liability for negligent performance of the assumed acts"). However, a party that has voluntarily assumed a duty may only be found liable for an injury to the plaintiff "if the plaintiff relied on the defendant's undertaking and if the defendant's act or failure to act placed the plaintiff in a more vulnerable position than if the obligation had not been assumed." Van Hove v. Baker Commodities, Inc., 732 N.Y.S.2d 803 (4th Dept., 2001) (citations omitted); Heard v. City of New York, 82 N.Y.2d 66, 72, (1993).

In the instant case, there are several questions of fact regarding whether or not Banky assumed a duty to Schessl. First, whether he failed to discharge any duty he assumed with due care. Second, whether or not Schessl relied on Banky's actions, and whether or not Banky's actions placed Schessl in a more vulnerable position than he would have been in had Banky not acted at all.

Initially, there is a question of fact as to whether Banky had any involvement at all in the baseball game being played by the children attending the party. One of the participants in the game claims that when the head of the racquet came off the handle on the first occasion, an adult male handed the racquet head back to one of the children, and admonished him to "try to be more careful."

6

While Banky correctly points out that he was not identified as the adult male who retrieved and returned the racquet head, plaintiffs have submitted evidence suggesting that Banky was the only adult male in the vicinity of the game, and therefore, Banky was likely the adult male who handed the racquet head back to the children. As such, there is a question of fact as to whether or not Banky handed the racquet head back to the children and suggested that they "try to be more careful."

Assuming that the plaintiffs can establish that Banky handed the racquet head back to one of the children, and told the children to try to be more careful, there are additional questions of fact as to whether or not Schessl relied on Banky's actions, and whether or not Banky's actions placed Schessl in a more vulnerable position than he would have been in had Banky not acted at all. Because questions of fact exist as to whether or not Banky returned the broken racquet head to the children playing baseball with it, whether Schessl relied on Banky's act, and whether Banky's actions placed Schessl in a more vulnerable position than he would have been in had Banky not acted at all, I deny defendant's motion for summary judgment.

III. <u>Banky's Motion for Sanctions is Denied</u>

Banky moves for sanctions against the plaintiffs on grounds that plaintiffs have failed to voluntarily withdraw their action against him despite the alleged lack of a valid basis for a cause

7

of action against him.  Based on this court's denial of defendant's motion for summary judgment, I deny defendant's motion for sanctions.

## CONCLUSION

For the reasons set forth above, I deny third-party defendant Banky's motion for summary judgment and for sanctions.

ALL OF THE ABOVE IS SO ORDERED.
S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
October 28, 2009